IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOUGLAS A. WINSTON JR., #275122        *
             Petitioner,
     v.                                  *    CIVIL ACTION NO. AW-05-3237

DEPARTMENT OF PUBLIC SAFETY            *
 AND CORRECTIONAL SERVICES FOR
 THE STATE OF MARYLAND                 *
             Respondent.
                         ***

## MEMORANDUM

Petitioner, a prisoner who has been transferred back to the Maryland Correctional Training Center ("MCTC") in Hagerstown, filed this action in November of 2005, when assigned to the Eastern Correctional Institution ("ECI") in Westover, Maryland.  He attacks the constitutionality of his 2005 parole review process and seeks release from the Department of Public Safety and Correctional Services to the Maryland Division of Parole and Probation, punitive damages, and other miscellaneous relief.   The action was construed as a hybrid 28 U.S.C. § 2241 petition for writ of habeas corpus and 42 U.S.C. § 1983 civil rights action for damages.  The State of Maryland was directed to file a show cause response.

Petitioner claims that in 2005, he was impermissibly transferred from MCTC to ECI within 60 days of his scheduled August, 2005, parole hearing.  He asserts that during the six-month period preceding August, 2005, various correctional officials and staff fabricated information to coerce him to take an earlier parole hearing date.  Petitioner claims he was "forced" to have a parole hearing in September, 2005, and asserts that: (i) incorrect criminal history information was made part of his parole file; (ii) a Maryland Parole Commission ("Commission") Commissioner failed to give a reason for disapproving a recommendation for evaluation of Petitioner's eligibility in the drug

"Restart" program; and (iii) the Commission's Appellate Panel was not provided his case for review. Paper Nos. 1 & 5.

Respondent has filed an Answer to the petition and Motion to Dismiss the complaint. Paper No. 9. Plaintiff has filed his responses thereto. Paper Nos. 11 & 12. The matter has been fully briefed and may be decided on the pleadings. *See* Local Rule 105.6. (D. Md.)

Petitioner appeared for his first parole hearing before Parole Hearing Officer ("PHO") Marcia McCray on September 15, 2005. The hearing was held after Petitioner had requested a postponement. Paper No. 9, Ex. 1 at Attachments A-D. The record before the Commission at that time reflected that Petitioner was serving a 15-year sentence commencing on October 23, 1997, for first degree assault and a handgun violation, and possession with intent to distribute (violation of probation), and that the maximum expiration date of his term is October 23, 2021. *Id*., Ex. 1 at Attachment E. On September 19, 2005, PHO McCray recommended placing Petitioner's case on hold for evaluation or update into his status in the Restart program. *Id*. Parole Commissioner Thomas Miller review the PHO recommendation and disapproved it on September 20, 2005. *Id*. Respondent seemingly acknowledges that Miller was without authority to disapprove the recommendation. It argues, however, that Miller corrected his mistake by amending his decision to "Administrative refusal, Administrative review, or Hold." *Id*. Petitioner's case, therefore, was placed on "Hold."

Respondent indicates that while the case remained on hold there was a "breakdown in communication" between the Division of Correction and the Commission concerning whether Petitioner had been approved for the Restart program. Respondent states that while the Commission was not formally notified of Petitioner's eligibility for Restart in September of 2005,

at some point between November 7, 2005, and December 1, 2005, PHO McCray learned that Petitioner was eligible for Restart.  Paper No. 9, Ex. 1.  On December 1, 2005, McCray issued a recommendation for a parole re-hearing in October of 2007.  *Id.*, Ex. 1 at Attachment I.  She indicated that:

> Subject is serving a 15 year sentence for a serious offense.  Recommending that the subject continue to progress through the system and participate in DOC programming (Restart) and maintain good adjustment to have a 10/07 rehear.  By the time of the rehear the offender will be near the guideline range (120 months.]

Paper No. 9, Ex. 1 at Attachment I.

On December 5, 2005, Commissioner Miller adopted the PHO recommendation.  *Id* Respondent states that the parole decision reflects that Petitioner is serving fifteen years from October 23, 1997, for first degree assault and a handgun violation, with a maximum expiration date of October 23, 2012.  *Id*.   Petitioner was notified that he had five days from "the last date shown below" to appeal the decision.  *Id*.

In a letter to Commission Chairman David Blumberg dated December 16, 2005, Petitioner asked the Commission to reconsider its decision.  *Id*., Ex. 1 at Attachment J.  He indicated, however, that his letter was not filed as an appeal.  *Id*.  In a January 9, 2006 letter, Chairman Blumberg informed Petitioner that: (i) he did not have the authority to overturn the parole decision; (ii) Petitioner must file an appeal if he believed he had received an unfair parole decision; and (iii) upon receipt of the appeal, the Appellate Panel would review all the factors in Petitioner's case.  *Id*., Ex. 1 at Attachment K.   Respondent states that Petitioner did not appeal the parole decision to an appellate panel of two commissioners.  *Id*., Ex. 1.

Respondent maintains that Petitioner's habeas claims are subject to dismissal due to his failure to exhaust state court remedies.  It further argues and that both the habeas and civil rights

3

claims are dismissible because the grounds are not cognizable under federal habeas corpus and civil rights law.  In his opposition responses Petitioner claims that his case sets out viable claims under the Eighth and Fourteen Amendments of the U.S. Constitution.  He reiterates a number of claims raised in his original pleadings and asserts that: (i) Respondent should not be "protected" under the immunity doctrine; (ii) his transfer to ECI in 2005, ended the programming he was receiving at MCTC; (iii) authorities had advanced notice of his eligibility for the Restart program; (iv) the Commission relied on false and incorrect information; and (v) he has been retaliated against by prison officials.

To the extent that Petitioner is raising a due process challenge to the parole process, the court finds no Fourteenth Amendment deprivation.  Petitioner received a parole review in September of 2005, after being afforded postponements.  A parole decision was placed on hold pending determination of Petitioner's eligibility for programming.  Once it was determined that Petitioner was eligible for the Restart program, the PHO recommendation for re-hearing in 2007 was made and approved in December, 2005.   Petitioner was notified of his right to note exceptions with an appellate panel within five days.  A letter for review, filed with the Chairman of the Commission, was denied by Chairman Blumberg.  Petitioner was again advised of the proper review process.  The Court finds nothing constitutionally untoward regarding this parole process.

This circuit has previously determined that a Maryland inmate has no colorable liberty interest in parole release or in parol re-hearing.  *See Bryant v. Maryland*, 848 F.2d 492 (4th Cir. 1988); *Paoli v. Lally*, 812 F.2d 1489 (4th Cir. 1987).  This circuit has, however, held that in certain limited circumstances a claim of constitutional magnitude is raised where a prisoner alleges that: (1) information is in his parole file; (2) the information is false; and (3) the information is relied on to

4

a constitutionally significant degree.  *See Paine v. Baker*, 595 F.2d 197, 201 (4th Cir. 1979).[1]  As

a jurisdictional predicate, an inmate who believes that his or her file contains false information must

notify prison authorities of this fact in writing, specifying what information he believes is false and

what the true facts are.  Prison officials will be given a reasonable time to respond to the notice.  A

federal action may lie if prison officials fail to respond to the inmate's complaint within a reasonable

period of time or if officials find the challenged information in the file, but argue that the

information is correct.  *Id*. at 202.

Respondent admits that information contained in the September, 2005 decision to hold

Petitioner's case was incorrect.   It asserts, however, that the Commission did not rely on this

incorrect information in reaching its decision to re-hear him for parole in October of 2007.  A review

of the December, 2005 decision shows that the Commission relied on information which correctly

reflects that Petitioner is serving a 15-year sentence for first degree assault and a handgun violation,

commencing October 23, 1997,[2] and that his maximum expiration date is October 23, 2012.

Moreover, the Court holds that Petitioner has failed to state a damage claim under 42 U.S.C.

§ 1983.  First, neither the State, nor an arm of the State, is a "person" within the meaning of 42

U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989).

---

[1]     The requirement of reliance to a constitutionally significant degree has two dimensions.  First, the Court must examine the nature of the adverse administrative decision made on the basis of erroneous information, i.e., whether it impacts on a colorable liberty interest.  Second, the Court shall review the nature of the false information.  If the error is more significant than technical and, for example, involves the inmate's past criminal record or his record of disciplinary offenses while in prison, then it may reasonably be relied on and fundamental fairness requires its expunction.  *See Paine v. Baker*, 595 F.2d at 203.

[2]     In his first opposition response Petitioner makes an issue of the sentence computation noted by counsel for Respondent.  *See* Paper No. 11 & Paper No. 9 at 4, n.4.  Plainly, counsel made incorrect reference to a 1991, not 1997, commencement date.  It is not relevant for purposes of review under *Paine* as Petitioner's sentence structure was properly noted by the PHO.

Moreover, the Eleventh Amendment bars a suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment.  *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).  Thus, the Maryland Department of Safety and Correctional Services, a state agency operating under the executive branch of Maryland government, is not subject to liability under § 1983.

Second, while Petitioner takes issue with his transfer to ECI in 2005, he has no due process liberty interest or expectation remaining at a particular prison while serving his sentence.  *See Meachum v. Fano*, 427 U.S. 215, 225 (1976).   Moreover, for those reasons previously articulated by the Court, Petitioner has failed to show a due process violation associated with the parole process under *Bryant*, *Paoli*, and *Paine.*

For the foregoing reasons, the Petition shall be dismissed.  Respondent's Motion to Dismiss, construed as a motion for summary judgment, shall be granted.  A separate Order follows.

Date: <u>June 26, 2006</u>                        <u>          /s/                                        </u>
                                                        Alexander Williams Jr.
                                                        United States District Judge